## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

CAITLIN BROWN,
TIANNA HUBBARD,
ROZIA ROBERTSON,   Case No.
ASHLEY TAYLOR BAKER,   Hon.
SHAWANA PARKER,
KASI ALFORD,
BRIANA JONES,
VICTORIA FOSTER, and
JANEE WRIGHT-TRUSSELL,

Individually and on behalf of all similarly situated
Former female inmates of the Wayne County Jail,

    Plaintiffs,

vs.

COUNTY OF WAYNE;
and OFFICER TERRI GRAHAM,
In her Individual Capacity; jointly and severally,

    Defendants.

_____

## COMPLAINT AND JURY DEMAND

NOW COME PLAINTIFFS, by and through their counsel, LAW OFFICE OF MICHAEL R. DEZSI, PLLC and file their Complaint and jury demand as follows:

## PARTIES

1. Plaintiffs were putative class members in the related action of *Woodall, et. al. v. Wayne County*, Case No. 2:17-cv-13707 (E.D. Mich.)(J. Michelson)

for which the Court previously determined the class to include individuals, like the instant Plaintiffs, whose claims arose on or after November 14, 2014.  See Case No. 2:17-cv-13707 ECF No. 31, PageID.1303, Order on Plaintiffs' Motion to Certify Class.

2. All of the Plaintiffs are citizens of the State of Michigan.

3. Upon information and belief, each of the named Defendants are citizens of the State of Michigan.

4. Defendant County of Wayne ("County") is a governmental entity in the State of Michigan.

5. At all times relevant to this lawsuit, Defendant Graham was employed by the Wayne County Sheriff in the capacity of Deputy and/or a correctional officer at the Wayne County Jail.

6. At all times relevant to this lawsuit, all of the Defendants were acting under the color of law with respect to the events set forth in the Complaint.

7. At all material times, Defendant County of Wayne employed the named Defendant and is liable for their acts.  Wayne County is also liable for the unconstitutional policies, practices, and customs of the Wayne County Sheriff.

8. Defendants are jointly and severally liable to Plaintiff for the claims asserted herein.

## JURISDICTION AND VENUE

9. The Court has jurisdiction over this lawsuit pursuant to 28 U.S.C. § 1331, § 1343(a)(1)-(4) and 1343(b).

10. Venue is proper under 28 U.S.C. § 1391(b).

## COMMON ALLEGATIONS

11. All of the Plaintiffs were formerly housed at the Wayne County Jail.

12. In June 2020, Plaintiff Caitlin Brown was housed as a female inmate at the Wayne County Jail.

13. In September 2019 and June 2020, Plaintiff Rozia Robertson was housed as a female inmate at the Wayne County Jail.

14. In 2023, Plaintiff Ashley Taylor Baker was housed as a female inmate at the Wayne County Jail.

15. In August through September 2017 and again in February through March 2018, Plaintiff Shawana Parker was housed as a female inmate at the Wayne County Jail.

16. In 2022, Plaintiff Kasi Alford was housed as a female inmate at the Wayne County Jail.

17. In 2019 through 2020, Plaintiff Briana Jones was housed as a female inmate at the Wayne County Jail.

18. In November 2015, Plaintiff Victoria Foster was housed as a female inmate

at the Wayne County Jail.

19. In November 2016 through November 2017, Plaintiff Janee Wright-Trussell was housed as a female inmate at the Wayne County Jail.

20. During their incarcerations at the Wayne County Jail, Plaintiffs were subjected to unreasonable, unlawful, and unconstitutional strip searches conducted by agents and/or employees of the Wayne County Sheriff.

21. Specifically, the Wayne County Sheriff has allowed an unconstitutional policy, custom and practice to flourish within the Wayne County Jail whereby female inmates were forcibly exposed in a state of undress to male guards, officers, employees, and other male inmates.

22. During strip searches, Plaintiffs, and hundreds of other female inmates were made to strip down naked in common areas of the Wayne County Jail and in view of male officers as well as other inmates.

23. During such strip searches, Plaintiffs, and hundreds of other female inmates, were forced to bend over and spread their vaginal parts and anus under the pretense of searching for contraband.

24. Defendants conducted these unreasonable and unconstitutional strip searches even if the female inmates were experiencing menstrual cycles which would often result in menstrual discharges in the common areas of the jail during these *en masse* strip searches.

25. During these unconstitutional strip searches, Plaintiffs and hundreds of other female inmates would see and hear Defendant Graham and other jail staff laughing and otherwise mocking them while standing naked and being forced to expose themselves.

26. Plaintiffs were also subject to degrading, humiliating, and sexually exploitive conduct by Defendant Graham and other jail staff who would comment on their breast sizes, inquire of their sexual orientation, and make derogatory comments about their private parts and refer to them as "bleeding hogs," "bitches," "crackheads," "hoes," and other derogatory terms.

27. Defendant Graham and other jail staff would routinely degrade and humiliate Plaintiffs, and hundreds of other female inmates, by commenting on the inmates' bodies, telling them their "pussy" stank, referring to some as "funky monkeys," and would light candles and incense while performing strip searches.

28. These strip searches, which were often conducted in groups without any necessity for doing so and without regard to Plaintiffs' constitutional right to privacy.

29. Plaintiffs each were subjected to several unreasonable and unconstitutional strip searches during their incarcerations at the Wayne County jail.

30. Plaintiffs were also routinely, forcibly exposed to male deputies who often

5

worked in the stations adjacent to the female inmates' housing unit.

31. The male deputies who were assigned to the female housing unit had direct view into the cells of several female inmates including views of the inmates' toilets.

32. The male deputies who were assigned to the female housing unit had direct view into the shower areas of the female inmates.

33. Plaintiffs and other female inmates were often degraded, humiliated, and subjected to inhumane and cruel treatment as described herein for no legitimate penological interest but rather to embarrass, humiliate, and degrade them.

34. Plaintiffs suffered extreme emotional distress, humiliation, embarrassment, and damage as a result of Defendants' degrading, humiliating, and cruel actions.

35. Plaintiffs were putative class members in the related action of *Woodall, et. al. v. Wayne County*, Case No. 2:17-cv-13707 (E.D. Mich.)(J. Michelson) for which the Court previously determined the class to include individuals whose claims arose on or after November 14, 2014.  See Case No. 2:17-cv-13707 ECF No. 31, PageID.1303, Order on Plaintiffs' Motion to Certify Class.

36. In an Opinion dated January 23, 2020, the Court granted class certification.

Case No. 2:17-cv-13707 ECF No. 81, Opinion and Order Granting Plaintiffs' Motion to Certify Class. However, the Sixth Circuit later reversed class certification finding that the named Plaintiffs (Woodall, Davis, Johnston, and Hearst) did not adequately represent the class because they were incarcerated prior to the November 14, 2014 class period.

37. The instant Plaintiffs were all putative class members in the *Woodall* action and were housed in the Wayne County jail on or after November 14, 2014.

38. As putative class members in this action, the statute of limitations for each Plaintiffs' individual claims asserted herein was tolled starting on November 14, 2017 and continued until the dismissal of the *Woodall* action such that each Plaintiffs' claims are timely.

39. In particular, Plaintiffs seek to certify the following classes of putative plaintiffs:

(1) all females who were formerly housed, detained, and/or incarcerated by the Wayne County Sheriff at Division One of the Wayne County Jail from the period of November 14, 2014 until the date of judgment or settlement of this case, who were subjected to strip and/or visual body cavity searches in the presence of members of the opposite sex pursuant to the Wayne County Sheriff's policies, practices, and/or customs;

(2) all females who were formerly housed, detained, and/or incarcerated by the Wayne County Sheriff at Division One of the Wayne County Jail from the period of November 14, 2014 until the date of judgment or settlement of this case, who were subjected to strip and/or visual body cavity searches in a group with other detainees and/or inmates of the jail who were also being strip and/or visual body cavity searched and which searches did not afford privacy from

others, pursuant to the Wayne County Sheriff's policies, practices, and/or customs;

(3) all females who were formerly housed, detained, and/or incarcerated by the Wayne County Sheriff at Division One of the Wayne County Jail from the period of November 14, 2014 until the date of judgment or settlement of this case, who were subjected to strip and/or visual body cavity searches under unsanitary conditions, including being exposed to the bodily fluids of other inmates who were being strip searched, and which searches did not afford privacy from others, pursuant to the Wayne County Sheriff's policies, practices, and/or customs; and,

(4) all females who were formerly housed, detained, and/or incarcerated by the Wayne County Sheriff at Division One of the Wayne County Jail from the period of November 14, 2014 until the date of judgment or settlement of this case, who were subjected to strip and/or visual body cavity searches while being subjected to derogatory, degrading and/or sexually explicit comments pursuant to the Wayne County Sheriff's policies, practices, and/or customs;

## **COUNT I; VIOLATION OF THE FOURTH AMENDMENT**

40. Plaintiffs hereby incorporate by reference herein the allegations contained in the above Paragraphs of the Complaint.

41. The acts of Defendants as ratified, endorsed, and cultivated by Wayne County and its Sheriff as described herein violated Plaintiffs' privacy rights as guaranteed by the Fourth Amendment to the United States Constitution.

42. Defendants' actions as described herein were undertaken without regard to any legitimate penological interest.

43. Defendants' acts of forcibly exposing Plaintiffs to be seen naked by male deputies and male inmates constituted an unreasonable invasion of privacy

8

in violation of the Fourth Amendment.

44. Defendants' acts of forcibly exposing Plaintiffs to be seen naked by other inmates in the absence of any legitimate penological interest by Defendants to conduct such group strip searches constituted an unreasonable invasion of privacy in violation of the Fourth Amendment.

45. Defendants' acts of forcibly exposing Plaintiffs to be strip searched while being subjected to derogatory, sexually explicit, and humiliating comments about their bodies and private parts in the presence of other guards and/or inmates and without a legitimate penological interest constituted an unreasonable invasion of privacy in violation of the Fourth Amendment.

46. Defendants' acts of forcibly exposing Plaintiffs to be strip searched under unsanitary conditions, including being exposed to the bodily fluids of other inmates, without a legitimate penological interest constituted an unreasonable invasion of privacy in violation of the Fourth Amendment.

47. Defendants' actions were not taken spontaneously in response to an emergency, but rather in conformity with the County and Sheriff's Department's deliberate policies, customs, and practices.

48. The constitutional rights that Defendants violated were clearly established at all times when Defendants violated such rights and a reasonable person in Defendants' position would have understood that their conduct was in

violation of those rights.

49. Defendants are therefore not entitled to qualified immunity.

50. By virtue of Defendants' actions, Plaintiffs are entitled to compensatory and punitive damages individually and on behalf of a class of all similarly situated inmates.

### COUNT II; *MONELL* CLAIM AGAINST WAYNE COUNTY AND WAYNE COUNTY SHERIFF FOR ITS UNCONSTITUTIONAL POLICIES, CUSTOMS, AND PRACTICES

51. Plaintiffs hereby incorporate by reference herein the allegations contained in the above Paragraphs of the Complaint.

52. Defendants County of Wayne and Wayne County Sheriff employed the use of unconstitutional policies, practices, and customs relating to strip searches that resulted in the violation of Plaintiffs' constitutional rights under the Fourth Amendment.

53. Specifically, Defendants County and its Sheriff allowed the following unconstitutional policies, practices, and customs to flourish in the Wayne County Jail:

   a. subjecting female inmates to strip searches in *en masse* without regard to the inmates' privacy rights and without legitimate penological interest;

   b. forcibly exposing female inmates to strip searches in the presence

10

>   of or within view of members of the opposite sex without a legitimate penological interest;
>
> c.  forcibly exposing female inmates to strip searches in unsanitary conditions without a legitimate penological interest; and,
>
> d.  forcibly exposing female inmates to strip searches while subjecting them to derogatory, degrading and sexually exploitive comments without a legitimate penological interest;

54. Defendants' unconstitutional policies, practices, and customs as described herein served no legitimate penological interest.

### COUNT III; *MONELL* CLAIM AGAINST WAYNE COUNTY AND WAYNE COUNTY SHERIFF FOR INADEQUATE TRAINING AND/OR SUPERVISION OF ITS AGENTS AND EMPLOYEES REGARDING THE CONSTITUTIONAL RIGHTS OF CITIZENS

55. Plaintiffs hereby incorporate by reference herein the allegations contained in the above Paragraphs of the Complaint.

56. Defendants County of Wayne and its Sheriff had an obligation to train its employees and/or agents regarding the constitutional rights of citizens under the Fourth Amendment including the right to privacy.

57. Defendants County of Wayne and its Sheriff had an obligation to supervise its agents and employees, including the individual Defendants named herein, to insure that the constitutional rights of Plaintiffs and similarly situated

female inmates were not violated.

58. In particular, Defendants' failure to train and supervise its agents and/or employees resulted in the following unconstitutional policies, practices, and customs to flourish in the Wayne County Jail:

   a. subjecting female inmates to strip searches in *en masse* without regard to the inmates' privacy rights and without legitimate penological interest;

   b. forcibly exposing female inmates to strip searches in the presence of or within view of members of the opposite sex without a legitimate penological interest;

   c. forcibly exposing female inmates to strip searches in unsanitary conditions without a legitimate penological interest; and,

   d. forcibly exposing female inmates to strip searches while subjecting them to derogatory, degrading and sexually explicit comments without a legitimate penological interest;

59. Defendants County of Wayne and its Sheriff failed to comply with its duty to train and/or supervise its employees and/or agents and had a custom or policy of acting with deliberate indifference to violations of the constitutional rights of Plaintiffs and other similarly situated female inmates.

60. By inadequately training and/or supervising its employees and agents and

having a custom or policy of deliberate indifference to the constitutional rights of Plaintiffs, Defendants encouraged and cultivated the conduct that resulted in the violation of Plaintiffs' constitutional rights as set forth herein.

61. Defendants' policies, practices, and customs were the moving force in causing Plaintiffs' injuries as described herein.

62. By virtue of the actions of Defendant County of Wayne and its Sheriff, Plaintiffs are entitled to compensatory and punitive damages individually and on behalf of the class of putative class members.

## DAMAGES AND RELIEF REQUESTED

63. Plaintiffs hereby incorporate by reference the allegations contained in the above Paragraphs of the Complaint.

64. As a direct and proximate result of Defendants' conduct, each and every one of them, as set forth herein, Plaintiffs' constitutional rights under the Fourth Amendment were violated.

65. As a direct and proximate result of Defendants' conduct, each and every one of them, as set forth herein, Plaintiffs suffered extreme injury including emotional distress, humiliation, anguish, and embarrassment.

66. Plaintiffs, individually and on behalf of similarly situated individuals, are entitled to any and all damages or losses compensable under federal and state law including, but not limited to, those damages authorized under 42

U.S.C. §§ 1983, 1988, and/or Michigan law.

67. Additionally, Defendant Graham is liable to Plaintiffs for punitive damages.

68. Plaintiffs are also entitled to declaratory and injunctive relief to prevent the further degradation, humiliation, embarrassment, injury, and emotional distress caused by Defendants' actions and unconstitutional policies, practices, and customs.

**WHEREFORE**, Plaintiffs respectfully requests that this Court, by and through its trier of fact enter Judgment in favor of Plaintiffs and against Defendants, together with interest, costs and attorney fees or as otherwise determined by the Court or trier of fact.

Respectfully submitted,

LAW OFFICE OF MICHAEL R. DEZSI, PLLC,

Dated: March 27, 2024

*/s/ Michael R. Dezsi*
MICHAEL R. DEZSI
Counsel for Plaintiffs
1523 N. Main St.
Royal Oak, MI 48067
(313) 757-8112
mdezsi@dezsilaw.com
P64530

## **DEMAND FOR JURY TRIAL**

By and through counsel, Plaintiffs hereby demand a trial by jury in the above captioned matter.

Dated:  March 27, 2024        */s/ Michael R. Dezsi*
MICHAEL R. DEZSI
Counsel for Plaintiffs
1523 N. Main St.
Royal Oak, MI 48067
(313) 757-8112
mdezsi@dezsilaw.com
P64530

## **CERTIFICATE OF SERVICE**

I hereby certify that on March 27, 2024, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the attorneys of record.

*/s/Michael R. Dezsi*
MICHAEL R. DEZSI (P64530)
1523 N. Main St.
Royal Oak, MI 48067
(313) 757-8112
mdezsi@dezsilaw.com
P64530